# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLARISSA JEWELS MENDOZA,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security[1]

Defendant.

_______________________________________/

Case No. 1:25-cv-00671-EGC

**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

(Doc. 1)

## I. INTRODUCTION

Plaintiff Clarissa Jewels Mendoza ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[2]

## II. BACKGROUND

Plaintiff was born in 1990. (Administrative Record ("AR") 235). She earned a high school

---

[1] On May 7, 2025, Clarissa Jewels Mendoza was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 13).

diploma. (AR 42). Plaintiff filed applications for DIB and SSI, alleging she became disabled on January 21, 2021. (AR 235–44).

**A. Administrative Proceedings**

The Commissioner denied Plaintiff's applications for benefits initially on January 31, 2023, and again on reconsideration on April 27, 2023. (AR 74–137). Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 152–82). The ALJ conducted a hearing on June 11, 2024. (AR 35–73). Plaintiff appeared at the hearing with her attorney and testified as to her alleged disabling conditions and work history. (AR 41–66). Plaintiff testified that during previous employment her symptoms "started interfering with her attendance for work," which led to her being required to quit "because [she] was taking too much time off of work to take care of [her]self." (AR 49). Plaintiff also testified that she experienced "numbing, tingling, weakness, and shaking" in her hands and that she would drop things due to "a cramping, burning sensation in [her] hand." (AR 56). She further explained that she needed to have surgery on both of her hands. (AR 57). And in discussing what her biggest issues were in terms of limitations on employment, Plaintiff explained, in part, "[h]aving to just carry anything. My hands, I don't know if I would be able to work enough to where my hands won't give out." (AR 58).

A Vocational Expert ("VE") also testified at the hearing. (AR 67–72). In relevant part, the VE testified that a limitation to occasional handling and fingering and / or a limitation accommodating a need to be absent or leave early two times a month would be preclusive of competitive employment. (AR 69–71).

**B. The ALJ's Decision**

In a decision dated June 25, 2024, the ALJ found that Plaintiff was not disabled. (AR 12–34). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 17–27). The ALJ decided that Plaintiff had not engaged in substantial gainful activity since October 31, 2018. (AR 18). At step two, the ALJ found Plaintiff's following impairments to be severe: scoliosis, degenerative disc disease of the lumbar and cervical spine, Chiari malformation, and obesity. (AR 18). The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1 ("the Listings") (step three). (AR 19).

The ALJ assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to frequently climb ramps and stairs. The claimant is occasionally able to climb ladders, ropes, and scaffolds. The claimant is able to frequently crawl, crouch, and stoop.

(AR 19; *see also id.* 19–26). Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to "the intensity, persistence and limiting effects of these symptoms" as being "not entirely consistent with the medical evidence and other evidence in the record." (AR 20).

The ALJ then determined that Plaintiff could not perform her past relevant work OR could perform his / her past relevant work experience (step four), but given her RFC, she could perform a significant number of jobs in the national economy (step five). (AR 26–27). In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing. (AR 68–69). The VE testified that a person with the RFC specified above could perform the jobs of marker, routing clerk, cashier II. (AR 26–27). The ALJ ultimately concluded Plaintiff was not disabled at any time after October 31, 2018, the alleged onset date. (AR 27).

Plaintiff sought review of this decision before the Appeals Council, which denied review on May 1, 2025. (AR 1–6). Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."

*Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff asserts three claims of error: (1) the ALJ failed to provide clear and convincing reasons to reject Plaintiff's statements as to her subjective symptoms, (2) the ALJ's finding that Plaintiff's carpal tunnel syndrome was not severe was not supported by substantial evidence, and (3) the ALJ's evaluation of a medical opinion of record was not supported by substantial evidence. (*See* Doc. 11 at 9–17). The Commissioner counters that (1) the ALJ reasonably discounted Plaintiff's symptom allegations, (2) the ALJ's finding that Plaintiff's carpal tunnel syndrome was not a severe impairment is supported by the evidence as required, and (3) the ALJ's evaluation of the medical opinions of record are supported by substantial evidence. (Doc. 15 at 4–10). The Court agrees with Plaintiff that the ALJ improperly discredited Plaintiff's subjective symptom statements with respect to her reports of physical limitations and will remand for further proceedings.[4]

### A. Legal Standard

In evaluating the credibility of a claimant's testimony regarding subjective complaints, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Id*. The claimant is not required to show that their impairment "could reasonably be expected to cause the severity of the symptom [they have] alleged; [they] need only show that it could reasonably have caused some degree of the symptom." *Id*. (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant meets the first test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of the symptoms only if they give "specific, clear and convincing reasons" for the rejection. *Id*. As the Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's

[4] Because further proceedings will necessitate the re-evaluation of the evidence as a whole, *see infra*, the Court does not reach Plaintiff's other theories of error. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

> reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009). Other factors the ALJ may consider include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). General findings are not enough to satisfy this standard; the ALJ "'must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

In general, "conflicts between a [claimant's] testimony of subjective complaints and the objective medical evidence in the record" can be "specific and substantial reasons that undermine . . . credibility." *Morgan v. Comm's of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). While a claimant's "testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider").

If, as here, an ALJ cites objective medical evidence to support the decision to reject subjective statements, it is not sufficient for the ALJ to simply state the testimony is contradicted by the record. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, an ALJ must "specifically identify what testimony is credible and what evidence undermines the claimant's

complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (the ALJ has a burden to "identify what testimony is not credible and what evidence undermines the claimant's complaints"); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (an ALJ must identify "what evidence suggests the complaints are not credible").

The Ninth Circuit explained that "summariz[ing] the medical evidence supporting [the] RFC determination . . . is not the sort of explanation or the kind of 'specific reasons' [the Court] must have in order to . . . ensure that the claimant's testimony was not arbitrarily discredited." *See*, *e.g.*, *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). As a result, "the observations an ALJ makes as part of the summary of the medical record are not sufficient to establish clear and convincing reasons for rejecting a Plaintiff's credibility." *Argueta v. Colvin*, No. 1:15-CV-01110-SKO, 2016 WL 4138577, at *13 (E.D. Cal. Aug. 3, 2016), *aff'd sub nom. Argueta v. Berryhill*, 703 F. App'x 460 (9th Cir. 2017). For example, in *Brown-Hunter*, the claimant argued the ALJ failed to provide clear and convincing reasons for rejecting her symptom testimony. 806 F. 3d at 491. The district court identified inconsistencies in the ALJ's summary of the medical record that it gave rise to reasonable inferences about Plaintiff's credibility. *Id.* On appeal, the Ninth Circuit determined the ALJ failed to identify the testimony she found not credible, and did not link that testimony to support the adverse credibility determination. *Id.* at 493. The Court explained that even if the district court's analysis was sound, the analysis could not cure the ALJ's failure. *Id.* at 494.

In *Holcomb v. Saul*, the Ninth Circuit determined an ALJ erred when discrediting symptom testimony as "not entirely consistent with the medical evidence," without linking the testimony and medical evidence. 832 Fed. App'x. 505, 506 (9th Cir. Dec. 28, 2020). The Court noted the ALJ summarized the claimant's testimony and "determined that his symptom testimony was not 'entirely consistent with the medical evidence and other evidence in the record.'" *Id.* at 506. The Court observed that "the ALJ discussed relevant medical evidence but failed to link Holcomb's symptom testimony to specific medical records and explain why those medical records contradicted his symptom testimony." *Id.* Further, the Court observed that "the ALJ never mentioned Holcomb's symptom testimony while discussing the relevant medical evidence." *Id.* Because the Court is constrained to the reviewing reasoning identified by the ALJ for discounting testimony, the Court

found the "failure to specific the reasons for discrediting Holcomb's symptom testimony was reversible error." *Id.* (citing *Brown-Hunter*, 806 F.3d at 494).

Likewise here, the ALJ offered no more than a summary of the medical evidence in their evaluation of Plaintiff's credibility as to "the intensity, persistence, and limiting effects of his or her symptoms." (AR 20; *see also id.* at 20–24). In addressing Plaintiff's subjective complaints, the ALJ stated only: "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are somewhat inconsistent with the objective evidence of record." (*Id.* at 20). The ALJ did not link any objective findings in the medical record to Plaintiff's statements at the administrative hearing. (*See id.* at 20–24).

But, in evaluating Plaintiff's statements as to "the intensity, persistence, and limiting effects of his or her symptoms," an ALJ *must* identify the portions of the claimant's testimony that are not credible. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "General findings" regarding credibility, such as the ALJ provided here, "are insufficient." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (citations omitted). The Ninth Circuit requires an ALJ to "specifically identify what testimony is credible and what evidence undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (an ALJ "must state which pain testimony is not credible and what evidence suggests the complaints are not credible"); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (the ALJ must "specifically identify[ ] what testimony is not credible and what evidence undermines the claimant's complaints"). Here, while the ALJ included a paragraph recounting Plaintiff's statements, (AR 20), the ALJ did not meaningfully identify which statements were inconsistent with which medical evidence or provide any explanation as to how such statements were inconsistent. Instead, the ALJ's engagement of this issue was a mere statement that Plaintiff's statements were "somewhat inconsistent with the objective evidence of record." (*Id.*). But this statement coupled with the ALJ's mere recitations of the objective medical evidence does not constitute clear and convincing reasons to reject Plaintiff's statements.

Because ALJ did not carry the burden to identify specific statements rejected or the evidence undermining the limitations to which Plaintiff testified, the Court finds that the ALJ failed to

properly set forth findings "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Thomas*, 278 F.3d at 958. This is especially so here, where the ALJ found that Plaintiff's statements were only "*somewhat* inconsistent with the objective evidence of record." Without any elaboration as to *which* statements were inconsistent or *how* the unspecified discredited statements were inconsistent, the Court finds that the ALJ's summary of the medical record does not support the decision to reject Plaintiff's subjective statements. *See Brown-Hunter*, 806 F.3d at 494; *see also Coloma v. Comm'r of Soc. Sec.*, No. 2:17-CV-0310-DMC, 2018 WL 5794517, at *9 (E.D. Cal. Nov. 2, 2018) (finding error where "the ALJ simply cite[d] to medical evidence and the general adequacy of Plaintiff's functioning, without any link to how they conflict with, or undermine, Plaintiff's statements").

In sum, the Court finds that the ALJ's partial rejection of Plaintiff's subjective statements is not supported by substantial evidence.

**C. Harmlessness Review**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

The Court cannot conclude that the error is harmless. Had the ALJ credited Plaintiff's statements as to her symptoms and associated limitations—in particular her limitations as to her hands and as to her ability to maintain adequate attendance—the disability finding may have been different in light of the VE's testimony that no jobs would exist if the RFC included handling and fingering limitations or a requirement that a person be absent or leave early two days per month.[5] (AR 69–71). Thus, the error was not "inconsequential to the ultimate nondisability determination."

---

[5] This is not to say that the disability determination will or should be different regarding the period at issue--only that the Court cannot determine the outcome would remain the same upon a correct evaluation of the record.

*Molina*, 674 F.3d at 1115.

**D. Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is warranted. *See*, *e.g.*, *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further findings evaluating the credibility of [the claimant's] subjective complaints"). Accordingly, remand is appropriate for the ALJ to provide sufficient findings concerning Plaintiff's subjective complaints and the limitations Plaintiff identified in her testimony.

**V. CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Clarissa Jewels Mendoza and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE